UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
JAN 6 11 57 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| RHONDA NIEVES, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 3:02CV-2315 |
| NISSAN NORTH AMERICA, INC. | ) |
| Defendant. | ) |

### STIPULATED PROTECTIVE ORDER

WHEREAS, discovery sought from defendant Nissan North America, Inc. ("NNA") by the plaintiff will involve the production of documents containing trade secret or other confidential research, development or commercial information not otherwise available to the general public ("Confidential Materials");

IT IS HEREBY STIPULATED, upon agreement of the undersigned parties, as follows:

1. All documents, materials and information that are obtained from NNA which do not constitute Confidential Materials are not subject to this Stipulated Protective Order.

2. Confidential Materials obtained from NNA in this case are documents which have been identified by them as containing trade secret or other confidential research, development or commercial information. The documents shall be stamped with the phrase "Confidential--subject to a Confidentiality Order" or other similar language. In identifying information as confidential, NNA represents that they have a good faith belief that the information is in fact containing trade secret or other confidential research, development or commercial information.

3. All Confidential Materials obtained from NNA in this case shall be securely maintained

and kept confidential and only distributed in accordance with the terms of this Stipulated Protective Order.

4.     Any attorney of record may object to the designation of any document identified by NNA in this case as Confidential Materials by serving a notice upon NNA, subject to Fed. R. Civ. P. 11, identifying the document objected to on the grounds that it is improperly designated as Confidential Materials. NNA shall have thirty (30) days from the date of service of any such notice to bring a motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(7). If the motion is not brought within thirty days, the document or documents in question will be deemed non-confidential. If a motion for a Protective Order is brought within thirty days, the confidential status of the documents will remain intact unless and until the Court denies the motion.

5.     Within the confines of this litigation, all parties and attorneys of record are free to share the information contained in the Confidential Materials with attorneys, paralegals, or other office personnel working on the case or technical consultants and/or experts assisting any party and/or their attorney of record in the prosecution of this case, but with no one else. The attorney of record for each party agrees that any attorneys, paralegals, or other professional staff working on this case in their office will be familiarized with the terms of this Stipulated Protective Order, and be bound by the terms of it. Each attorney of record shall maintain a list of all persons to whom any Confidential Materials are disclosed until such time as all materials covered by this Stipulated Protective Order are returned to counsel for NNA.

6.     Within the confines of this litigation, if the Confidential Materials are to be disclosed to technical consultants and/or experts to assist in the preparation of this matter for trial, the

attorney of record for such party shall familiarize the individuals to whom disclosure is to be made with the terms of the Stipulated Protective Order, and obtain an agreement that they shall be bound by the terms of it. Each attorney of record shall maintain a record of the identity of the experts or consultants with whom Confidential Materials are shared. This record need not be disclosed absent court order to the contrary.

7. The United States District Court for the District of Connecticut shall have jurisdiction over any persons for the purposes of seeking to enforce the terms and conditions of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

8. The parties and their attorneys of record, technical consultants and/or experts shall not advertise, offer, sell, publish, publicize or otherwise disseminate in any fashion the Confidential Materials obtained from NNA in this case, or the fact that they have this information, other than for use in this case.

9. The Confidential Materials produced in this case may be exhibited to and/or the information contained therein may be disclosed to witnesses during oral depositions or at trial, and such witnesses may be questioned with respect to the Confidential Materials provided; however, to the extent that any deposition or trial transcript or the exhibits thereto incorporates the Confidential Materials, such transcript and any such exhibit shall be subject to the terms of this Stipulated Protective Order. Deposition testimony or exhibits deemed by NNA to be Confidential Materials shall be so designated on the record of the deposition or by letter to other counsel mailed within thirty (30) days after receipt of the deposition transcript by counsel for NNA. If such designation is not made within the thirty (30) day period, the testimony and

exhibits will be deemed non-confidential. Documents that are already designated as Confidential Materials before the deposition and that are marked as exhibits at the deposition do not lose their confidential status and shall be deemed confidential without further action or designation of the Confidential Materials by NNA at the deposition. The terms of this paragraph are subject to further order or the Rules of the Court.

10. If discovery designated as containing Confidential Materials is required to be filed by a party with the Court, the filing party must follow Local Rule 7(f)(2).

11. Any Confidential Materials introduced into evidence at trial must also follow Local Rule 7(f)(2).

12. NNA reserve the right to address additional issues of confidentiality at trial.

13. Upon final termination of this action, whether by settlement, dismissal or other disposition, this Stipulated Protective Order shall continue to be binding upon all attorneys of record, and the persons to whom the Confidential Materials have been disclosed. Further, upon final termination of this action, the original and all copies of the Confidential Materials shall be returned to NNA's counsel, Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA 02129.

| | |
|---|---|
| RHONDA NIEVES<br>By her attorneys, | NISSAN NORTH AMERICA, INC.<br>By its attorneys, |
| *[signature]*<br>James V. Sabatini, Esquire #17899<br>Sabatini & Associates, LLC<br><br>One Market Square<br>Newington, CT 06111<br>(860) 667-0839<br><br>Dated: December 19, 2003 | *[signature]*<br>Holly M. Polglase, Esquire #09285<br>Adam A. Larson, Esquire #25329<br>Campbell Campbell Edwards & Conroy<br>Professional Corporation<br>One Constitution Plaza<br>Boston, MA 02129<br>(617) 241-3000<br><br>Dated: December 22, 2003 |

SO ORDERED,

*[signature]*
_____
Justice of the United States District Court

Dated: Jan 6, 2004

ACKNOWLEDGMENT SHEET

I hereby acknowledge that I have read and understood the protective order entered in the case of <u>Rhonda Nieves v. Nissan North America, Inc.</u>, United States District Court for the District of Connecticut, Civil Action No. 3:02 CV-2315, and that I agree to be bound by and comply with its terms. I understand that I may use documents and deposition testimony that have been designated confidential only for purposes of preparation or trial of the <u>Nieves</u> case and that I may not disclose any such documents or testimony or their contents except insofar as is reasonably necessary for purposes of preparation or trial of the <u>Nieves</u> case and, even then, only in strict accordance with the disclosure provisions contained in the protective order. I agree that I will return all documents and deposition transcripts that have been designated confidential in the <u>Nieves</u> case, and all copies and summaries of them, promptly upon request for them. I agree that the United States District Court for the District of Connecticut may exercise personal jurisdiction over me for the purpose of enforcing the protective order and this Acknowledgment or punishing violations of them.

NAME                                                                                          DATE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____